LYKKEN et al. v. INTERNATIONAL PULVERIZING CORPORATION et al.

No. 5476.

District Court, D. New Jersey.

Jan. 23, 1941.

Starr, Summerill & Lloyd, of Camden, N. J. (Stephen H. Philbin, M. Theodore Simmons, and Clyde A. Norton, all of New York City, of counsel), for plaintiffs.

Louis B. LeDuc, of Camden, N. J. (John Dashiell Myers and Chester C. Baxter, both of Philadelphia, Pa., of counsel), for defendants.

AVIS, District Judge.

This suit charges the infringement of four patents issued to plaintiff Lykken, all relating to appliances designed to grind and pulverize friable material. There are three plaintiffs because it appears that each of them has some ownership or license interest in the patents involved. The same is true as to the three defendants, each having some interest in the alleged infringing appliances.

The facts:

1. The plaintiff Lykken's first claimed invention is set out in an application filed July 16, 1925, patent issued December 29, 1931—No. 1,838,560. The object is the pulverization of friable materials by constructing a chamber inside of which is fixed a rapidly rotating or revolving rotor, claimed to cause an entraining of air around the same and the conveying of suspended particles of material therein, which particles rubbing together under the stresses imparted by the rotor or the reaction of the walls of the stationary chamber against which a bed of stationary material is fixed, will be reduced and in condition for selective separation of the fines.

It is stated in this application that "The present invention relates to means for and methods of reducing materials, such as coal." As a matter of fact, it was created for the breaking up of coal and was originally used for that purpose.

In this patent the claims involved are Nos. 4, 5, 13, 16 and 17.

2. The plaintiff Lykken's second claimed invention was stated in an application filed November 13, 1925, and upon which a patent was granted on April 8, 1930—No. 1,753,437. The plaintiffs allege infringement of this patented device and particularly claims 15, 17, and 18. The invention is an apparatus generally described as relating to the reduction of materials to a fine state and conditioning the same for use.

It is stated that the invention is applicable to the reducing of any reducible material, but is described in the application, as a matter of illustration, as a fuel device "and therefore has for an object the provision of a novel fuel carburetor in which the fuel is converted to a fluidal condition and

mixed with a supporter of combustion, such as air, in the proportions for efficient and complete combustion at the place of use or combustion."

It consists of a rapidly rotating or revolving member or rotor within an enclosed chamber supplied with air and material to be pulverized, the rotor creating a cyclonic and centrifugal action of air and material, causing pulverization of the materials by contact with each other and against the walls of the chamber and over the top of a bed of material in the bottom, side and top of the chamber. It is impossible in this memorandum to go into the details set out in the patent or in the evidence and arguments. The principle involved is to create a circular air current between the rotor ends and the wall of the chamber, which will cause the material to be broken up and the finer particles carried off by a process of air movement to a proper receptacle.

The claims state in general that the invention is a method of reducing and directing reducible materials by inducing a stream of air current against or over the surface of the materials for entraining and eroding the particles of materials in a stream of fluid, whereby the particles mull against each other to reduce their size, and including a separating means of conducting the finer particles to a place of use. The idea of this patent is the creation of a vortex of air by the revolving, at rapid speed, of a rotor with hammers attached.

3. The plaintiff Lykken filed his application for the third claimed invention on November 25, 1927, patent issued July 1, 1930—No. 1,768,621. This apparatus was designed to operate without a rotor or moving part, but the patent provides for a circular chamber into which the materials to be acted upon are projected or fed and there come into contact with a draft of air or fluid, drawn at high velocity through a tapered inlet, traversing the chamber tangentially, and which it is claimed will cause a pulverization of the materials by the particles rubbing against each other and over a bed of material created in the chamber.

The claims involved are Nos. 1, 3, 5, 6, and 13.

4. The application for the fourth claimed invention was filed on January 11, 1928, patent issued April 29, 1930—No. 1,756,254. This one is of a similar character. It provides for the application of the air to the materials to be pulverized by sundry jets or openings between vanes through which the fluid may be projected horizontally in a tangential manner into the chamber where the materials to be acted upon are placed. The object is to cause the materials to pass rapidly around the chamber, acting upon each other and against the walls of the chamber.

The claims at issue in this patent are Nos. 1, 2, and 7.

5. None of the machines created directly under these patents has successfully ground to a proper fineness materials to be used in face powders, rouge, pigments, sugar, very fine coals, and similar products. They were intended primarily for the reduction of coal not requiring the fineness of face powder, &c., and have been mainly used for that purpose.

6. The plaintiffs have built and are using a pulverizer which they denote as the "Hurricane". This mill or machine is constructed on the rotor basis, except that the rotor is vertical instead of horizontal, as shown in plaintiff's patent drawings, and it is claimed to create a vortex of fluid, which defendants' "Micronizer" allegedly infringes. The drawings of this machine are not shown in any of the issued patents. This machine by using a rotor with hammers appears to accomplish the grinding of materials to a minute fineness.

It is impossible without taking unnecessary time to analyze all of the testimony offered, or to describe the claims in detail. As in all patent matters there is a wealth of circumstantial and expert evidence which each party claims demonstrates an infringement or a lack thereof.

7. The defendants' apparatus upon which a patent was issued by the Patent Office is a machine based upon the principle of using a fluid application to the materials to be pulverized, but is of a different nature. The chamber in which the materials are placed is smaller than in the machine of plaintiffs, and the fluid is injected at high speed at sundry points in the circumference of the chamber, and the jets are so arranged as to cause the fluid or currents of air to cross each other, thereby bringing into contact all the particles of material to be acted upon, and reducing the material to a powdered fineness.

I find as a fact that the plaintiffs' patents are not invalid, either because of indefiniteness of practice or by reason of the prior art. I am satisfied that all of plaintiffs' patents are valid, but that their patents

do not and cannot monopolize all kinds and characters of mechanical pulverizing apparatus based upon the use of a fluid drive. The plaintiffs' patents so far as they go are a protection to the patentee and those acting under him.

Conclusions of law:

The defendants' machine passed the Patent Office, and apparently the Commissioner was satisfied that it did not infringe. However that may be, I conclude from the evidence submitted that the "Micronizer" built and operated by defendants does not infringe any of the patents of plaintiffs or the claims thereof. There is nothing in the application of plaintiffs' patents which corresponds with the high speed· injection of fluid and the cross current contacts of the "Micronizer".

The defense of unclean hands is not sustained. There is no proof of facts indicating that any information obtained was used to prejudice defendants' rights.

I conclude that the bill of complaint should be dismissed with costs to defendants, and that defendants' counterclaim also should be dismissed.